UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH SHEROD CANNON,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                Defendants.

23-CV-0837 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a prisoner at Great Meadow Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* (IFP) status. Because Plaintiff is a prisoner seeking to proceed IFP, the Court considers whether the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), disqualifies him from bringing this action IFP.

## DISCUSSION

    The PLRA added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**A.**    **Prior Section 1915(g) order**

    Plaintiff was denied IFP status in *Cannon v. Lowell Dist. Ct.*, No. 16-CV-8997 (CM) (S.D.N.Y. Jan. 20, 2017), because the Court held that, at the time of bringing that action, Plaintiff had brought three prior prisoner actions that had been dismissed for failure to state a claim, and Section 1915(g) thus barred him from proceeding IFP. The district court relied on the following

three prior dismissals: *Cannon v. The Daily News L.P.*, No. 15-CV-9956 (LAP) (S.D.N.Y. Mar. 21, 2016); *Cannon v. N.Y.C. Corr. Dep't*, No. 15-CV-6959 (LAP) (S.D.N.Y. Feb. 3, 2016);[1] *Cannon v. Lowell Dist. Court*, No. 15-CV-13565 (D. Mass. July 6, 2016). It now appears, however, that as of the date that Plaintiff brought this action, at least two of the three dismissals previously identified as "strikes" for purposes of Section 1915(g), no longer qualify as such.

1. ***Cannon v. The Daily News L.P.*, No. 15-CV-9956 (LAP)**

In *Cannon*, No. 16-CV-9956, the district court dismissed Plaintiff's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction of Plaintiff's state law claim for slander. The Second Circuit recently confirmed, in *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2019), that a prisoner's entire "action or appeal" must be dismissed on a Section 1915(g) ground to count as a strike. After *Escalera*, "mixed dismissals are not strikes." *Id.* The Second Circuit recognized in *Escalera* that a dismissal that was only partly on strike grounds – in that case, where the federal claims were dismissed for failure to state a claim and the state law claims were dismissed for lack of subject matter jurisdiction – was not a strike.

The order of dismissal in *Cannon*, No. 16-CV-9956, is a "mixed dismissal," in which the district court did not dismiss the entire action on Section 1915(g) grounds. Accordingly, it cannot be counted as a strike for purposes of Section 1915(g).

2. ***Cannon v. N.Y.C. Corr. Dep't*, No. 15-CV-6959 (LAP)**

By order dated February 3, 2016, the Court dismissed Plaintiff's complaint in *Cannon*, No. 15-CV-6959, for failure to state a claim on which relief can be granted. Because a dismissal for failure to state a claim is one of the three enumerated grounds for a Section 1915(g) strike,

---

[1] This February 3, 2016, order of dismissal in the action under docket number 15-CV-6959 was vacated on January 6, 2017.

2

the February 3, 2016 order (ECF 8), qualified as a strike when it issued. Subsequently, however, on January 6, 2017, that dismissal order was vacated, and the action was reopened.

After being reopened, Plaintiff amended his complaint, and the action was eventually dismissed *sua sponte*. The final order of dismissal, issued in April 2017, was not entirely on strike grounds: some of the federal claims in Plaintiff's operative amended complaint were dismissed on the ground that the new federal claims were beyond the scope of the leave that had been given and would need to be filed in a separate action. The dismissal of *Cannon v. N.Y.C. Corr. Dep't*, 15-CV-6959 (LAP), is also a "mixed dismissal" and therefore not a Section 1915(g) strike.

    **3.**    ***Cannon v. Lowell Dist. Court*, No. 15-CV-13565 (D. Mass. July 6, 2016)**

In *Cannon*, 15-CV-13565 (D. Mass.), Plaintiff alleged that, in October 2013, he was falsely imprisoned in Massachusetts based on a probation violation detainer. The action was originally filed in this district, *Cannon v. Lowell District Court*, No. 1:15-CV-6105 (LAP) (S.D.N.Y. Oct. 7, 2015), but was transferred to the District of Massachusetts. After transfer, the district court ordered Plaintiff to show cause why the action should not be dismissed, on multiple grounds, and permitted Plaintiff to amend his complaint.[2]

---

[2] The grounds for dismissal included Plaintiff's failure to set forth plausible claims as required by Rule 8 of the Federal Rules of Civil Procedure; the lack of liability of the Billerica House of Correction; the failure to state plausible civil rights claims against his former defense counsel; the lack of *respondeat superior* liability of the defendants Bridgewater State Hospital, the Lowell District Court, the Chelmsford Police Department (CPD), and the District Attorneys of Lowell District Court and Lawrence District Court; the lack of liability of the CPD; the bar to claims against the Lowell District Court presented by Eleventh Amendment sovereign immunity; the bar to claims for monetary damages against the District Attorneys of Essex and Middlesex Counties; and the possible bar of Cannon's claims based on the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

After Plaintiff filed an amended complaint, the district court dismissed it, stating that "because the complaint fails to state plausible claims upon which relief can be granted and for the reasons set forth in this Memorandum and Order and the prior [order to show cause], this action will be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2)." *Cannon*, 15-CV-13565 (Order of Dismissal, ECF 12 at 4.) In its dismissal order, the district court relied in part on the screening provision authorizing dismissal of an IFP complaint that seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B)(iii), and incorporated by reference as a basis for its dismissal both prosecutorial and Eleventh Amendment immunity. The district court also opined that the order of dismissal constituted a strike within the meaning of 28 U.S.C. § 1915(g). *Id.*

The Second Circuit has held that only the court that entertains a fourth or later action filed by a prisoner has the constitutional authority to make binding strike calls. *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004).[3] This Court is thus not bound by the district court's determination in *Cannon*, 15-CV-13565, that at the time it dismissed Plaintiff's action, the dismissal qualified under First Circuit case law as a strike for purposes of Section 1915(g). *See also Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021) ("Although the case-or-controversy requirement bars federal courts from issuing binding legal rulings without a live dispute, it does not prohibit including what amounts to dicta in district court orders" about whether a dismissal is a Section 1915(g) strike).

---

[3] Other courts of appeals that have considered the issue have agreed that a later court must "independently evaluate whether the prior [lawsuits] were dismissed on one of the enumerated grounds and therefore count as strikes." *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017) (Kavanaugh, J.); *see also Hill v. Madison County*, 983 F.3d 904, 906 (7th Cir. 2020) (Easterbrook, J.) ("[W]e have understood § 1915(g) to leave the effective decision to a later tribunal."); *Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019).

Section 1915(g) does not include dismissals based on immunity as one of the three enumerated grounds for a strike, though the screening provision of the IFP statute does authorize courts to dismiss complaints that seeks monetary relief against a defendant who is immune from such relief, § 1915 (e)(2)(B)(iii). The Second Circuit has concluded that some dismissals that are, like this one, based on absolute immunity can be deemed frivolous, which is an enumerated strike ground.[4] The Second Circuit has never addressed whether a dismissal based in part on Eleventh Amendment immunity can qualify as a strike.[5] Because *Cannon*, No. 15-CV-13565 was dismissed for multiple reasons, including because the Plaintiff sought relief precluded under Eleventh Amendment sovereign immunity, it may be a mixed dismissal that does not qualify as a strike after *Escalera*.

After reviewing Plaintiff's litigation history, described below, the Court concludes that at the time of bringing this action, Plaintiff has only one other qualifying strike, *Cannon*, 16-CV-4282 (CM). Accordingly, the Court need not resolve at this stage whether the order of dismissal

---

[4] *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is frivolous for purposes of 1915(g)"); *Flagler v. Trainor*, 663 F.3d 543, 551 (2d Cir. 2011) ("[I]f a dismissal occurred pursuant to § 1915(e)(2) on absolute immunity grounds, it could not, without more, be *per se* frivolous for purposes of the three-strikes determination under § 1915(g). . . [A] dismissal based on immunity will not be frivolous unless the district court making the § 1915(g) determination deems the former case to fall within the 'distinguishable heartland of immune prosecutorial conduct.'") (Calabresi, J., *concurring*). *See also Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) ("[S]uing an immune defendant [is] a ground that does not support the accrual of a strike under § 1915(g)").

[5] *See, e.g.,Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 391 (1998) (whether "Eleventh Amendment immunity is a matter of subject matter jurisdiction" is one that "we have not decided."); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 235 (2d Cir. 2006). At least one Court of Appeals has held that a dismissal based in part on Eleventh Amendment immunity is a strike. *Rigsby v. Great State of Arkansas*, No. 21-6132, 2022 WL 782659, at *3 (10th Cir. Mar. 15, 2022) (dismissal based on Eleventh Amendment "immunity grounds and for failure to state a claim constitutes a "strike" under 28 U.S.C. § 1915(g)").

in *Cannon*, 15-CV-13565 (D. Mass.), is a Section 1915(g) strike because, even if it were, this would leave Plaintiff, at most, with two strikes.

**B.     Plaintiff's other prior suits**

   **1.     *Cannon v. New York City Dep't of Corr.*, No. 16-CV-4282 (CM)**

Plaintiff has one additional dismissal, *Cannon*, No. 16-CV-4282, not relied upon in the initial "bar order" under Section 1915(g), that qualifies as a strike. In *Cannon*, No. 16-CV-4282, Plaintiff asserted First Amendment claims, under 42 U.S.C. § 1983, for denial of access to court because outgoing mail at the Manhattan Detention Complex, where he was detained, was not "being picked up," and this included his submissions for his criminal and Family Court cases. Then-Chief Judge McMahon granted Plaintiff leave to amend to replead his First Amendment claims to describe any prejudice to his ongoing legal proceedings. Plaintiff then made numerous submissions (ECF 6-17) but did not file an amended complaint, and on January 23, 2017, the Court dismissed the action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted. The action was dismissed, in its entirety, on January 23, 2017, for failure to state a claim, and thus qualifies as a strike under Section 1915(g).

   **2.     Prior actions not qualifying as Section 1915(g) strikes**

Many of Plaintiff's prior actions were not resolved on strike grounds. Plaintiff brought some actions that were settled or transferred.[6] The resolution of Plaintiff's actions seeking *habeas corpus* relief also cannot be counted as strikes.[7] *See Jones v. Smith*, 720 F.3d 142, 145-46

---

[6] *See Cannon v. New York City Police Dep't*, No. 1:15-CV-04579-RA (S.D.N.Y. Dec. 22, 2022) (settled); *Cannon v. Bridgewater State Hospital*, No. 1:15-cv-06104-LAP (S.D.N.Y. Aug. 6, 2015) (transferred to the United States District Court for the District of Massachusetts).

[7] *Cannon v. Clifford*, No. 1:17-cv-09052-CM (S.D.N.Y. Jan. 10, 2018) ("[T]he § 2241 petition is dismissed without prejudice" as unexhausted); *Cannon v. Annucci*, No.1:19-cv-02100-CM (S.D.N.Y. Apr. 17, 2019) (denying Section 2254 petition without prejudice as prematurely filed).

(2d Cir. 2013) (holding that there is no indication that the "PLRA was intended to cover *habeas* petitions filed pursuant to 28 U.S.C. §§ 2254 or 2255"); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) (*habeas* petitions are not "civil actions" as defined by the first portion of Section 1915(g)).

Plaintiff brought other actions that were dismissed voluntarily, dismissed as duplicative of another pending action, or dismissed for failure to prosecute, none of which qualify as strikes.[8] *See Crichlow v. Annucci,* No. 18-CV-3222, 2020 WL 3127804, at *2 (S.D.N.Y. June 11, 2020) (dismissal of action for failure to prosecute was not a Section 1915(g) strike); *Toliver v. Perri*, No. 10-CV-3165, 2011 WL 43461, at *1-2 (S.D.N.Y. Jan. 6, 2011) (same). Plaintiff also attempted to bring multiple actions while a prisoner that were dismissed on the ground that he was "barred" under Section 1915(g), though it now appears that one of the relied-upon strike dismissals had already been vacated, and thus he was not disqualified from proceeding IFP.[9]

---

[8] *Cannon v. City of New York*, No. 1:15-CV-08641, 71 (S.D.N.Y. Sept. 6, 2016) (voluntarily dismissed without prejudice); *Cannon v. Noel*, 1:15-CV-09573, 5 (S.D.N.Y. Dec. 10, 2015) (transferred to the United States District Court for the District of Massachusetts), opened as 15-CV-14196-ADB (D. Mass. Oct. 20, 2016) (voluntarily dismissed); *Cannon v. Metropolitan Transportation Auth.*, No. 1:15-CV-10101, 9 (S.D.N.Y. Sept. 14, 2016) ("The Court therefore dismisses this action without prejudice as duplicative of *Cannon*, No. 15-CV-4579 (RA)"); *Cannon v. New York City Dep't of Corr.*, No. 1:15-CV-05753, 132 (S.D.N.Y. May 17, 2018) (dismissed without prejudice for failure to prosecute).

[9] *Cannon v. Trump*, No. 1:19-CV-05229, 4 (S.D.N.Y. July 8, 2019) ("The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule."), *appeal dismissed*, No. 19-2485 (2d Cir. Oct. 21, 2019) (appeal dismissed for failure to pay the fee in full or move for IFP status); *Cannon v. Annucci*, No. 1:18-CV-10986, 4 (S.D.N.Y. Dec. 13, 2018) ("[C]omplaint is dismissed without prejudice under the Prison Litigation Reform Act's 'three-strikes' rule."), *appeal dismissed*, No. 19-0314 (2d Cir. Apr. 3, 2019) (appeal dismissed for failure to pay the fee in full or move for IFP status); *Cannon v. De Blasio*, 1:18-CV-0989, 5 (S.D.N.Y. Feb. 5, 2018) ("[T]he complaint is dismissed without prejudice under the PLRA's "three-strikes" rule, subject to reopening if Plaintiff pays the relevant filing fees of $400.00 within thirty days"), *appeal dismissed*, No. 18-0623 (2d Cir. June 12, 2018) (appeal defaulted for failure to file Form D-P); *Cannon v. City of New York*, No. 1:17-CV-02487, 4 (S.D.N.Y. Apr. 7, 2017) ("[T]he complaint is dismissed without prejudice under the PLRA's "three-strikes" rule"); *Cannon v. City of New York*, 1:17-CV-02512, 4 (S.D.N.Y. Apr. 7,

None of these dismissals are Section 1915(g) strikes. Thus, at the time of bringing this action, Plaintiff does not have three qualifying strikes. The Court therefore, by separate order, grants Plaintiff's request to proceed IFP.

**CONCLUSION**

The Court finds that at the time of bringing this action, Plaintiff has not brought three prior actions while a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff thus is not presently disqualified, under 28 U.S.C. § 1915(g), from proceeding IFP. The Court therefore, by separate order, grants Plaintiff's request to proceed IFP.

SO ORDERED.

Dated:   April 10, 2023
             New York, New York

                                                       /s/ Laura Taylor Swain
                                                       LAURA TAYLOR SWAIN
                                                       Chief United States District Judge

---

2017) ("The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. See 28 U.S.C. § 1915(g)."); *Cannon v. Windley*, No. 1:16-CV-09758, 12 (S.D.N.Y. June 9, 2017) (recharacterizing *habeas* petition as Section 1983 action; revoking IFP on the ground that he submitted this complaint in December 2016, after he was "barred" under Section 1915(g) in July 2016); *Cannon v. New York City Dep't of Corr.*, 17-CV-00197, 5 (S.D.N.Y. Jan. 23, 2017) (("[T]he complaint is dismissed without prejudice under the PLRA's 'three-strikes' rule.").