UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHEROD CANNON,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                Defendants.

23-CV-0837 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated April 10, 2023, the Court determined that, at the time of filing this action, Plaintiff was not barred, under 28 U.S.C. § 1915(g), from proceeding *in forma pauperis* (IFP) while a prisoner. (ECF 6.) That order was returned as undeliverable.[1] The Court has confirmed from public records that Plaintiff has been released from the custody of the New York State Department of Corrections and Community Supervision, but Plaintiff has not notified the Court of a change of mailing address.

On May 9, 2023, the Court directed Plaintiff, within 30 days, to notify the Court of his current mailing address or of his email if he consents to e-service. The Court indicated that if Plaintiff did not comply with this order within the time allowed, it would dismiss his complaint without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Under Rule 41(b), the district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d

---

[1] The Court had not yet granted Plaintiff's application to proceed IFP or sent a letter to the warden authorizing installment payments of the filing fee for this action.

83, 87 (2d Cir. 1995). Before dismissing a case under Rule 41(b), a district court must consider the following five factors:

> (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that come before it against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.

*Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.*, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The district court need not discuss each factor on the record but "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Sanchez*, 2023 WL 3047971, at *2 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).[2]

Here, Plaintiff was notified in May 2023, that further delay in providing a mailing address would result in dismissal. (ECF 6.) He has not responded, and it does not appear that he received the Court's May 2023, order, which was returned as undeliverable. The Court has had no contact from Plaintiff since February 2023. Defendants have not yet been served with a summons and the complaint. "Although there is no specific evidence on the record that delay will prejudice Defendant[s], . . . '[p]rejudice to defendants resulting from unreasonable delay may be presumed.'" *Labib v. Citigroup Global Markets Holdings, Inc.*, 21 Civ. 2658 (LJL), 2022 U.S. Dist. LEXIS 62670, 2022 WL 1032560 at *3-4 (S.D.N.Y. Apr. 4, 2022) (Liman, J.) (quoting

---

[2] Before dismissing a case with prejudice under Rule 41(b), the district court must also make a finding that the plaintiff has failed to prosecute the case "intentionally, in bad faith, or with reasonable fault." *Baptiste*, 768 F.3d at 217, 219. However, the Second Circuit has "not decide[d] whether this requirement applies to a dismissal without prejudice," Sanchez, 2023 WL 3047971, at *1.

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). The Court finds that there is no clear purpose or benefit to keeping the case open without any participating parties. Weighing these factors, the Court concludes that dismissal without prejudice is warranted.[3]

## CONCLUSION

Plaintiff's complaint, filed IFP pursuant to 28 U.S.C. § 1915(a)(1), is dismissed without prejudice to Plaintiff's refiling his claims. *See* Fed. R. Civ. P. 41(b). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 23, 2023
         New York, New York

                                               /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                 Chief United States District Judge

---

[3] If appropriate, Plaintiff may move under Rule 60(b) of the Federal Rules of Civil Procedure to restore this matter to the calendar. Any such submission must include an address for service or consent to e-service.

3